UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BETTY ERKFRITZ, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06CV419 HEA |
| | ) | |
| JANSSEN PHARMACEUTICA, L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Remand, [Doc. 8]. This case involves the prescription drug, Risperdal. In its Memorandum and Order dated March 3, 2006, in K.B. v. Janssen, et al, Case Number 4:05CV1914HEA, the Court considered the same allegations contained in this case that were contained in the consolidated cases against resident physician defendants regarding prescribing Risperdal *vis a vis* fraudulent joinder. The Court concluded, based on the Eighth Circuit standard for determining fraudulent joinder, that plaintiffs has sufficiently stated a cause of action against the resident physicians such that the Court did not have diversity jurisdiction. See K.B. v, Janssen, et al., Case Number 05CV1914HEA, Order dated March 3, 2006.

The same analysis applies to this cases as well.[1]  The defendant physician[2] in this case is alleged to have owed plaintiff a duty to exercise that degree of skill and proficiency which is commonly experienced by the ordinary, skillful, careful and prudent physician engaged in the practice of medicine.  Plaintiff has plead that the defendant physician failed to properly diagnose, treat and/or evaluate complaints and symptoms following plaintiff's ingestion of Risperdal. Based on these allegations, it cannot be said that there is no reasonable basis in fact or law supporting the claim stated against the defendant physician. Furthermore, because there exists a plausible claim against the resident physician, the Court cannot conclude that plaintiffs have no real intention of prosecuting the negligence action against them. Therefore, plaintiff's motion to remand in this case will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand, [Doc. 8], is granted;

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit

---

[1] The Court is cognizant that the opinions of district courts have no *stare decisis* effect. The undersigned rendered the decision in K.B., and defendant has presented nothing new to convince the Court that its reasoning in that case should not be followed with regard to this matter.

[2] Plaintiff has named Comprehensive Mental Health as her prescribing physician. Although defendant Janssen notes that it is apparent that plaintiff is seeking to state a claim against a physician

Court of the City of St. Louis.

Dated this 10th day of April, 2006.

                                                                    _____
                                                                      HENRY EDWARD AUTREY
                                                  UNITED STATES DISTRICT JUDGE